UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ALASKA

ADRIAN LOPEZ-COTA,

        Defendant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

CR. No. J04-004-004-CR

HON. JUDGE JOHN W. SEDWICK

RECEIVED
JAN 2  2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)
AND 1B1.10 OF THE U.S.S.G.

    **COMES NOW**, Defendant Adrian Lopez-Cota, **Pro se**, who respectfully moves this Honorable Court pursuant to Title 18 U.S.C. § 3582(c)(2) and Amendments 706 and 711 of § 1B1.10(c) of the United States Sentencing Guideline, ("U.S.S.G."), of March 3, 2008, to reduce his base offense level 2 levels.

### LIBERAL CONSTRUANCE

    Defendant Lopez-Cota is proceeding **Pro se** and without the aid of counsel. Therefore, Defendant seeks Liberal Construction of his pleadings. ("A document filed pro se is 'to be liberally contrued,' Estelle v. Gamble, 429 U.S. 97, 106 (1976), and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards by lawyers.'") See ERICKSON v. PARDUS, 167 L.Ed. 2d 1081 (2007) Note 3. See also, Rule 8(f) of Rules of Civil Procedure , ("All pleadings shall be so construed so as to do substantial justice").

## JURISDICTION OF THE COURT

Pursuant to Title 18 U.S.C. § 3582(c)(2) this Court may Modify a term of imprisonment. See Title 18 U.S.C. § 3582(c)(2). Further, pursuant to 1B1.10(c) of the United States Sentencing Guidelines, this Court may reduce the term of imprisonment on a guideline amendment that has been made retroactive by the United States Sentencing Commission, ("U.S.S.C."). See March 3, 2008, Amendment to § 1B1.10.

On May 1, 2007, the United States Sentencing Commission voted to Amend § 2D1.1(c) for coaine base, ("crack"), sentences. See Amendment **706**. Thereafter, on December 11, 2007, the U.S.S.C. unanimously voted to make Amendment 706 retroactive to those Defendant's who had been sentenced prior to the enactment of Amendment 706. See Amendment **711**. This retroactive amendment allows for Defendant's with cocaine base, ("crack"), sentences to receive a 2 level reduction in their guideline offense levels.

Therefore, based on these changes this Court has Jurisdiction pursuant to Title 18 U.S.C. §3582(c)(2) and § 1B1.10(c) to Modify Defendant's Lopez-Cota's sentence.

2.

## RELEVANT CASE HISTORY

On October 8, 2004, Defendant Lopez-Cota was arrested in the Western District of Washington, Seattle, on charges of Possession With Intent to Distribute Controlled Substances. On October 9, 2004, a 1 Count Complaint was filed in the Western District of Washington, Seattle charging Defendant with violating Title 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). On October 12, 2004, a 2 Count indictment was filed in the U.S. District Court, District of Alaska, Juneau, charging Defendant and others with Conspiracy to possess with intent to distribute Controlled Substances in violation §§ 846 and 841(a)(1); 841(b)(1)(A)&(C). On March 18, 2005, Defendant appeared before the Court and entered a plea of guilty to Count 1 of his indictment.

Thereafter, a Pre-Sentence Report, ("PSR"), was prepared for Defendant. The PSR recommended that Defendant should be held responsible for 1,494.3 grams of cocaine base, (the equivalent of 298.96 kilograms of marihuana), 437 grams of "Ice" d-meth (the equivalent of 8,780 kgs of marihuana), and 1,096.0 grams of cocaine base, ("crack"), (the equivalent of 21,920 kgs of marihuana). The PSR combined these marihuana amounts which totalled 30,998.86 kilograms of marihuana. This netted Defendant a base offense level of 38 under the United States Sentencing Guidelines, ("U.S.S.G."). Thereafter, the PSR recommended that Defendant receive 3 point reduction pursuant to § 3E1.1(a)&(b). This reduced Defendant's base offense level to 35, criminal history catagory, ("CHC"), of I. This recommenda-

3.

tion resulted in a sentencing range of 168 to 210 months. However, the Court sentenced Defendant to 108 months inprisonment.

## DEFENDANT LOPEZ-COTA QUALIFIES
## FOR A 2 LEVEL REDUCTION

Defendant Lopez-Cota contends that based on the facts of his case set forth herein and the actions of the United States Sentencing Commission on May 1, 2007, of reducing the base offense level by 2 levels for coaine base sentences, (Amendment 706), and making this Amendment Retroactive, (Amendment 711), on December 11, 2007, he qualifies for a 2 level reduction in his guideline offense level.

To guide Sentencing Court's in reducing Defendants' cocaine base sentences the United States Sentencing Commission amended its Policy Statement to § 1B1.10 of the U.S.S.G.'s. Of particular concern here is **subpart (b)(1)** which states in relevant part:

> "..., the court shall determine the emnded guideline range that would have been applicable to the defendant if the amendment to the guideline was in effect at the time fedendant was sentenced."

In Defendant's case, had this 2 level redcution been in effect at the time of his sentencing Defendant Lopez-Cota's Sentencing guideline range would have been 135 to 168 months imprisonment, a base offense level of 33, CHC I. Given that this Court sentenced Defendant below his original guideline range

5.

of 168 to 235 months, to a sentence of 108 months, a base offense level of 31, Defendant would receive a new base offense level of 29, a sentencing range of 87 to 108 months. A re-sentence by the Court once again to the low end would result in Defendant receiving a sentence of 87 months. Therefore, Defendant asks this Court to re-sentence him to this new base offense level and give him a new sentence of 87 months.

### DISCRETION OF THE COURT

Defendant understande that whether, and to what extent, a reduction will occur lies with the discretion of the Court. In excercising this discretion U.S.S.G. policy statement of March 3, 2008, requires a sentencing Court to consider the factors set forth in Title 18 U.S.C. § 3553(a) in determining (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction ... . Finally, **subpart (1)(B)(iii)** allows for the sentencing Court to consider the "Post-sentencing Conduct" of the defendant. See § 1B1.10.

In the case at bar, Defendant asks this Court to consider his post-sentencing conduct which demonstrates his voluntary efforts to educate himself and stay clear of disciplinary incidents in dertermining to what extent to reduce his sentence.

6.

Finally, Defendant asks this Court, to whatever extent possible, to consider the United States Supreme Court decisions of **BOOKER v. UNITED STATES**, 543 U.S. 220 (2005), **KIMBROUGH v. UNITED STATES**, No. 06-6330, 12/10/07) and **GALL v. UNITED STATES**, (No. 06-7949), 12/10/07, in determining whether to reduce his sentence to the low end which for Defendant would be a new sentence of 87 months imprisonment.

## CONCLUSION

In the instant case, Defendant Lopez-Cota seeks a 2 level reduction in his base offense level. The United States Sentencing Commission has now made it possible through Amendments **706 and 711** for incarcerated individuals to receive some level of relief from what some have labelled as an "unjust" sentencing guideline policy. This retroactive amendment now provides Courts with the authority to reduce cocaine base sentences and bring some level of justice those who are imprisoned under cocaine base, ("crack") sentences. This authority and the change in the social attitude for crack sentences calls for this Court to excercise its discretion and reduce Defendant's sentence.

**WHEREFORE,** Defendant Lopez-Cota Prays that this Honorable Court GRANT his request herein and reduce his base offense level 2 levels and re-sentence him to 87 months.

Respectfully submitted,

*Adrian Lopez-Cota*
Adrian Lopez-Cota,

7.

Mr. Adrian Lopez-Cota
Reg. No. 34076-086 - Cmd. Unit
P.O. Box [illegible]
[illegible]

LEXINGTON, KY 405  JAN 25 2008

LEXINGTON, KY 405 JAN

Michael D. Hall
District Court Clerk
Attn: Judge Sedwick
U.S. District Court
222 W. 7th Ave. # 4 RM 229
Anchorage, Alaska
99513